IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-04-593 (1) |
| | § | C.A. No. 06-512 |
| | § | |
| DIANNA LINN CONTORELLI, | § | |
|     Defendant/Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Dianna Linn Contorelli's ("Contorelli") motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. (D.E. 39).[1] The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." See Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. Contorelli's motion is subject to dismissal because she waived her right to file the sole claim she raises therein. Additionally, her claim is also subject to dismissal on its merits. For these reasons, discussed in more detail below, the Court DISMISSES the motion. Additionally, the Court DENIES Contorelli a Certificate of Appealability.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

---

[1] Docket entry references are to the criminal case, Cr. C-04-593.

## II.  FACTS AND PROCEEDINGS

On October 21, 2004, Contorelli was charged in a single-count indictment with possession with intent to distribute approximately seventeen kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  (D.E. 6).  On November 22, 2004, Contorelli pleaded guilty to the indictment, pursuant to a written plea agreement.  (D.E. 12, 13).  In exchange for her guilty plea to the sole count in the indictment and her waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that she receive the maximum credit for acceptance of responsibility and to recommend a sentence at the lowest end of the guideline range. (D.E. 13).

The plea agreement contained a voluntary waiver of Contorelli's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The defendant waives the right to appeal the sentence imposed or the manner in which it was determined.  The defendant may appeal only (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States.  Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 13 at ¶ 8) (emphasis in original).

The Court questioned Contorelli under oath at the rearraignment to ensure that her plea was voluntary and knowing and to ensure that she understood and was voluntarily relinquishing her appeal rights and right to collaterally attack her conviction and sentence.  According to the electronic recording of the rearraignment, the Court directly questioned Contorelli regarding her waivers as follows:

> THE COURT: . . . You're also giving up in this plea agreement two other very valuable rights.  Your right to appeal . . . These rights belong only to you, not to your attorney.  And only you can give them

2

>up. And that's your right to appeal any sentence that I impose or my application of the guidelines unless I give you a sentence that's higher than the statutory maximum or if I upwardly depart without a motion from the U.S. Attorney's Office.
>
>You're also giving up your right of a post-conviction remedy, also called a writ of habeas corpus or statutory 2255, which would ordinarily enable you to come in and try to set aside your judgment and/or your conviction and/or your sentence, by challenging such matters as constitutionality, jurisdiction, or ineffective assistance of counsel. If you go forward today, you give up both rights forever. Do you understand that? ... Ms. Contorelli?
>
>THE DEFENDANT: Yes, Your Honor.

(Digital Recording ("R. Rec.") of November 22, 2004 Rearraignment at 9:50-9:51).

After the prosecutor had summarized the agreement, including a reference to the provision waiving her § 2255 rights, Contorelli testified that the agreement was hers, that it was her entire agreement, and that she understood it. (R. Rec. at 9:52-9:53). She identified the physical document as her agreement, testified that it was her signature on the last page, and also testified that she had read the document and discussed it completely with her attorney before she signed it. (R. Rec. at 9:54). She further testified that there were no other promises or agreements made to her other than what was in the agreement. (Id.). She specifically testified that no one had promised her a motion for downward departure, or that she would receive the benefit of the safety valve. (Id.).

It is clear from the foregoing that Contorelli's waiver of her § 2255 right was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his or her plea). Her testimony establishes that she had read and understood her plea agreement, that her decision to plead guilty was not induced by any promises outside of the agreement, and that she specifically understood the waiver provision.

The Court sentenced Contorelli on February 9, 2006 to 53 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and imposed a $100 special

assessment. (D.E. 35, 36). Judgment of conviction and sentence was entered February 22, 2006. (D.E. 36). Consistent with her waiver of appellate rights, Contorelli did not appeal. The Clerk received the instant § 2255 motion on November 6, 2006. It is timely.

In her motion, Contorelli argues that her conviction was obtained by use of evidence gained during an unconstitutional search and seizure. She claims that, when she was stopped at the checkpoint, the canine on duty did not alert to her vehicle or to her, and that the police officer's offered reasons for the search were insufficient to allow a search of the vehicle she was driving.[2]

### III. DISCUSSION

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his or her sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

**B.     Waiver of § 2255 Rights**

The Court need not address whether Contorelli has procedurally defaulted her claim by failing to appeal. Rather, the Court concludes that Contorelli's motion fails in its entirety because she waived

---

[2] Although she does not list it as a ground for relief, Contorelli also asks the Court to reduce her sentence because of her alleged assistance to the government. Rule 35 requires that any motion for a reduction in sentence for substantial assistance be brought by the government. The United States has not sought such a reduction and thus this Court cannot grant her the relief she seeks.

4

her right to file the claim in her § 2255 motion. United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights). Nowhere in her motion does Contorelli challenge the validity of the waiver itself, nor does she challenge her counsel's advice related to her plea or the waiver. See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives such a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself"). Thus, her claim falls within the scope of the waiver, and is subject to it.

Moreover, the record is plain that her waiver was knowing and voluntary, and therefore enforceable. The rearraignment recording demonstrates that Contorelli understood that she was waiving her right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required. See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up). Contorelli's statements under oath are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977)); Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002).

In sum, the Court concludes that Contorelli's waiver of her right to file a § 2255 motion is valid and enforceable. Her motion is not properly before the Court and is therefore DISMISSED.

The Court also notes that, even if it were to consider her claim on its merits, Contorelli would not be entitled to relief. Her claim that the search leading to her arrest was illegal fails because she pleaded guilty to the offense. She thus cannot raise her Fourth Amendment claim at this juncture. See United States v. Cothran, 302 F.3d 279, 286 (5th Cir. 2002) (an unconditional guilty plea waives objections to searches and seizures that violate the Fourth Amendment).

### C.        Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A). A COA, however, "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003). Although Contorelli has not yet filed a notice of appeal, this Court nonetheless addresses whether she would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied, even before one is requested).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Contorelli has stated a valid claim for relief, because she cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that her waiver bars her motion. Accordingly, she is not entitled to a COA.

## IV.  CONCLUSION

For the above-stated reasons, Contorelli's motion under 28 U.S.C. § 2255 (D.E. 39) is DISMISSED.  The Court also DENIES her a Certificate of Appealability.

ORDERED this 22nd day of December, 2006.

_____
Janis Graham Jack
United States District Judge