\IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-04-593 (1) |
| | § | |
| DIANNA LINN CONTORELLI, | § | |
|     Defendant/Movant. | § | |

## ORDER DENYING LETTER MOTION FOR REDUCED SENTENCE

On June 29, 2007, the Court received a letter motion from Dianna Linn Contorelli, in which she lists numerous reasons in support of her request that she be permitted to spend the final year of her federal sentence "on home confinement." (D.E. 54 at 1.) For example, she states that she is needed at home to help care for her mother, who is having back surgery. Contorelli further claims that she needs dental surgery and has received inadequate dental care in prison. She also asserts that her eyeglasses were lost and she has not been given a new pair, and that she is in pain from the lack of eyeglasses. Finally, she explains that she has contracted an acute case of genital herpes as a result of the "filthy and unsanitary" conditions at her current place of incarceration. For all of these reasons, she asks for a home confinement placement.

To the extent that Contorelli wishes to seek damages or injunctive relief as a result of the conditions of her confinement or lack of adequate medical care, Contorelli's sole remedy is to file a civil lawsuit. The only *relief* she requests in her letter, however, is that she be allowed to serve the final year of her 53-month sentence on home confinement. The Court thus construes Contorelli's letter as requesting a reduction in sentence pursuant to 18 U.S.C. § 3582 and Rule 35 of the Federal Rules of Criminal Procedure, which allow a Court to reduce a defendant's sentence in certain limited circumstances.

Specifically, this Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c). Contorelli fails to assert grounds for modification that fall into any of the categories above. Therefore, the Court does not have authority to alter Contorelli's sentence.

Moreover, while the Court can make recommendations regarding the placement and transfer of prisoners in the custody of the Bureau of Prisons, the decision of an offender's placement is ultimately a decision to be made by the BOP, in its discretion. Indeed, in United States v. Sneed, 63 F.3d 381 (5th Cir. 1995), the Fifth Circuit declined to address the defendant's request to be allowed to serve the remainder of his sentence on home confinement. It reasoned that:

> [S]uch requests are properly directed to the Bureau of Prisons. See 18 U.S.C. § 3624(c) (1988) (providing that Bureau of Prisons has the authority to "place a prisoner in home confinement"); see also Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 (10th Cir. 1992) ("Nothing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period."), cert. denied, 510 U.S. 830, 114 S. Ct. 98, 126 L. Ed.2d 65 (1993).

Sneed, 63 F.3d at 389 n.6. Thus, it is the BOP's decision as to whether or not to place Contorelli on home confinement, not this Court's.

For the foregoing reasons, Contorelli's letter motion to serve the remainder of her sentence in home confinement (D.E. 54) is DENIED.

ORDERED this 9th day of July 2007.

_____
Janis Graham Jack
United States District Judge